MILLER, Judge.
Plaintiff J. Slay Murry, Jr. appeals the trial court’s judgment holding that Oak-dale City Ordinance 1101 was properly amended and adopted on September 14, 1972. Murry contends that pencil amendments and additions to a typewritten draft do not meet the LSA-R.S. 33:406 requirement that “A vote shall never be taken on an ordinance not previously reduced to writing.” We affirm.
On August 29, 1972, the Mayor and Board of Aldermen for the defendant City of Oakdale adopted Ordinance No. 1101, the General Fund Budget for operation of the city. On September 14, 1972, the Mayor and Board of Aldermen amended that ordinance by striking through several items listed in the original ordinance and interlining penciled amendments. The penciled strikeovers and amendments were affixed before the vote was taken. After the meeting, the September 14 ordinance was retyped in final form to agree with the penciled changes made to the body of the ordinance before the vote was taken.
Although the title of the amending ordinance was not changed by penciled notations at the September 14 meeting, the final typed copy of the September 14 ordinance was titled “An ordinance amending and re-adopting the General Fund Budget of the City of Oakdale . . . .” The September 14 ordinance was adopted under the same title given to the August 29th ordinance. Both dealt with the General Fund Budget listing projected income and expenses. Although some of the August 29 ordinance was not included in the final draft of the September 14 ordinance, there were no changes made by the September 14 ordinance which affected the omitted items. Every single change brought about by the September 14 ordinance was finalized by pencil interlineations before the ordinance was adopted by yea and nay vote of the Board of Aldermen.
Murry argues that Village of Elton v. Buttrell et al„ 142 La. 1025, 78 So. 104 (1918), indirectly supports his contention that the ordinance is invalid because it was not first reduced to writing. In Buttrell, the ordinance was not shown to have been adopted by a yea and nay vote. It was the absence of that formality which voided the ordinance. This does not persuade us that penciled additions or corrections to an ordinance are not “writing” as the term is used in LSA-R.S. 33:406.
If that section is interpreted so as to prohibit handwritten changes to ordinances at the time of their consideration and *764 adoption, untold inconvenience, delays, disruption and confusion would result. We cannot believe that the legislature intended such a technical and restrictive result.
There is no manifest error in the trial court’s holding that penciled changes and additions to a typewritten draft of an ordinance are sufficient to meet the requirement that an ordinance be reduced to writing before it is enacted by vote of the Mayor and Board of Aldermen.
LSA-R.S. 33:406 also provides that “An ordinance which is amended or revised shall set forth in full the section as amended or revised.” The September 14 amendment met this requirement.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff appellant.
Affirmed.